## MOSES MADDEN v. WILLIAM W. FARMER.

This suit was brought upon two notes. The defence was prescription. The only evidence of an interruption of prescription, was the testimony of plaintiff's attorney, in whose hands the notes were placed before maturity. A bill of exceptions was taken to the testimony. *Per Curiam:* Attorneys at law are not agents, and the rule which admits the testimony of agents in favor of their principals, in cases like this, should not be extended to them. If it was, this case would not come within the spirit and reason of the rule. There was no absolute necessity for resorting to this evidence, as the same facts might have been proved by an appeal to the conscience of the defendant.

The court will not recognize the principle, that the testimony of an attorney in behalf of his client, makes full proof of the fact sworn to, particularly in cases where the attorney would be personally responsible, if the action was not sustained.

That evidence has always been held, as being of an inferior kind.

APPEAL from the District Court of the Parish of Ouachita, *Copley*, J. *McGuire* and *Ray*, for plaintiff. *Richardson*, for defendant. By the court:

ROST, J. This suit is based upon two promissory notes, amounting together to upwards of $700, besides interest. The notes matured in 1839 and 1840, and the defence is prescription. The only evidence of an interruption of prescription, or of a new promise to pay after prescription accrued, is that of the attorney of the plaintiff, in whose hands the notes have been placed for collection, before their maturity. The defendant objected to this testimony, on the ground, that as the witness had received the notes for collection before their maturity, and had permitted them to become prescribed in his hands, he was liable to the plaintiff, and that the object and effect of his testimony was to relieve him from that responsibility. The objection was overruled, and the testimony admitted. The defendant took a bill of exceptions.

We incline to the opinion, that the objection was well taken, and should have been sustained; attorneys at law are not agents, and the rule which admits the testimony of agents in favor of their principals, in cases like this, should not be extended to them. If it was, this case would not come within the spirit and reason of the rule. There was no absolute necessity for resorting to this evidence, as the same facts might have been proved by an appeal to the conscience of the defendant, which the attorney himself admits, might have been safely resorted to.

If the evidence was admissible, it would be insufficient *per se* to sustain the judgment appealed from. However disposed we may be to believe the testi-

mony in this instance, we could not recognize the principle, that the testimony of an attorney in behalf of his client, makes full proof of the fact sworn to, particularly in cases where the attorney would be personally responsible if the action was not sustained. That evidence has always been held, as being of an inferior kind, and painful experience has taught us the cause of the discredit into which it has fallen.

Being under the impression that the statement of the witness in this case is correct, we will not close the case against his client.

It is ordered, that the judgment in this case be reversed, and that there be judgment against the plaintiff as of nonsuit, with costs in both courts.